SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- x
GE OIL & GAS, INC,

                        Plaintiff,

   — against —

TURBINE GENERATION SERVICES, L.L.C.,
and MICHEL B. MORENO,

                     Defendants.
-------------------------------------------------------------- x

Index No. 652296/2015

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
Tel. (212) 521-5400
Fax (212) 521-5450

*Attorneys for Plaintiff*
*GE Oil & Gas, Inc.*

## TABLE OF CONTENTS

                                                                                                                                                                      **Page**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................2

SUMMARY JUDGMENT LEGAL STANDARD ...................................................................3

ARGUMENT ................................................................................................................................4

    I.     SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF
           PLAINTIFF AND AGAINST TGS ON THE FIRST CAUSE OF ACTION ......................4

    II.    SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF
           PLAINTIFF AGAINST MORENO ON THE SECOND CAUSE OF ACTION ................7

    III.   PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES, COSTS AND
           EXPENSES ..............................................................................................................10

CONCLUSION ..........................................................................................................................11

## TABLE OF AUTHORITIES

|  Cases | Page(s) |

Alpha Auto Brokers, Ltd. v. Cont'l Ins. Co.,
 286 A.D.2d 309, 728 N.Y.S.2d 769 (2d Dep't 2001) ............................................................ 4

Anderson v. Learning Annex Found., Inc.,
 19 A.D.3d 339, 795 N.Y.S.2d 911 (2d Dep't 2005) .............................................................. 5

Andre v. Pomeroy,
 35 N.Y.2d 361, 320 N.E.2d 853 (1974) ................................................................................ 3

Bank of America, N.A. v. Solow,
 59 A.D.3d 304, 874 N.Y.S.2d 48 (1st Dep't 2009) ............................................................... 8

Bank of N.Y. v. Vega Tech. USA, LLC,
 18 A.D.3d 678, 794 N.Y.S.2d 922 (2d Dep't 2005) .............................................................. 5

Chase Manhattan Bank, N.A. v. Marcovitz,
 56 A.D.2d 763, 392 N.Y.S.2d 435 (1st Dep't 1977) ........................................................... 10

Dell'Anno v. Molinari,
 No. 111324/2006, 2008 WL 961156 (Sup. Ct., N.Y. Co. Apr. 8, 2008) ............................... 8

Diversified Investors Corp. v. Diversifax, Inc.,
 239 A.D.2d 231, 657 N.Y.S.2d 642 (1st Dep't 1997) ......................................................... 10

European Am. Bank v. Lofrese,
 182 A.D.2d 67, 586 N.Y.S.2d 816 (2d Dep't 1992) .............................................................. 8

European American Bank & Trust Co. v. Schirripa,
 108 A.D.2d 684, 485 N.Y.S.2d 763 (1st Dep't 1985) ........................................................... 8

Furia v. Furia,
 116 A.D.2d 694, 498 N.Y.S.2d 12 (2d Dep't 1986) .............................................................. 4

Gateway State Bank v. Shangri-La Private Club for Women, Inc.,
 67 N.Y.2d 627, 490 N.E.2d 546, 499 N.Y.S.2d 679 (1986) ................................................. 5

Hotel 71 Mezz Lender LLC v. Mitchell,
 63 A.D.3d 447, 880 N.Y.S.2d 67 (1st Dep't 2009) ............................................................... 7

Int'l Bus. Mach. Corp. v. Murphy & O'Connell,
 183 A.D.2d 681, 586 N.Y.S.2d 488 (1st Dep't 1992) ......................................................... 10

Marinelli v. Shifrin,
 260 A.D.2d 227, 688 N.Y.S.2d 72 (1st Dep't 1999) ............................................................. 4

Menekou v. Crean,
    222 A.D.2d 418, 634 N.Y.S.2d 532 (2d Dep't 1995) ...................................................3

Noise in the Attic Productions, Inc. v. London Records,
    10 A.D.3d 303, 782 N.Y.S.2d 1 (1st Dep't 2004) .....................................................4

Orix Credit Alliance, Inc. v. N.Y. Bell Bagel, Inc.,
    222 A.D.2d 566, 635 N.Y.S.2d 303 (2d Dep't 1995) ...............................................10

Republic Nat'l Bank of N.Y. v. Olshin Woolen Co.,
    304 A.D.2d 401, 758 N.Y.S.2d 45 (1st Dep't 2003) .................................................4

Santoni v. Bertelsmann Prop., Inc.,
    21 A.D.3d 712, 800 N.Y.S.2d 676 (1st Dep't 2005) .................................................3

Seaboard Sur. Co. v. Nigro Bros.,
    222 A.D.2d 574, 635 N.Y.S.2d 296 (2d Dep't 1995) .................................................3

Solomon v. Langer,
    66 A.D.3d 508, 885 N.Y.S.2d 904 (1st Dep't 2009) ..................................................5

Titan Corp. v. Cellular Vision Tech. & Telecoms., L.P.,
    271 A.D.2d 437, 706 N.Y.S.2d 125 (2d Dep't 2000) .................................................4

White Rose Food, et al. v. Saleh,
    99 N.Y.2d 589, 788 N.E.2d 602, 758 N.Y.S.2d 253 (2003) ......................................5

Zvinys v. Richfield Inv. Co.,
    25 A.D.3d 358, 808 N.Y.S.2d 640 (1st Dep't 2006) .................................................3

**Rules**

N.Y. C.P.L.R. 3212 .............................................................................................1, 3, 10, 11

N.Y. C.P.L.R. 3213 ........................................................................................................5, 8

**PRELIMINARY STATEMENT**

Plaintiff GE Oil & Gas, Inc. ("GEOG" or "Plaintiff"), by its counsel Reed Smith LLP, submits this memorandum of law, the accompanying Affirmation of Edoardo Padeletti, dated August 11, 2015 ("Padeletti Aff."), and Rule 19-A Statement of Material Facts, in support of its motion for partial summary judgment pursuant to CPLR § 3212 against defendants Turbine Generation Services, L.L.C. ("TGS") and Michel B. Moreno ("Moreno") (together, "Defendants") on Plaintiff's First and Second Causes of Action.

This is a simple breach of contract action arising from Defendants' failure to repay a loan evidenced by a Promissory Note executed by TGS and a Guarantee executed by Moreno. TGS and Moreno are indisputably in default on their contractual obligations, which are unambiguous, absolute and unconditional. Because there are no genuine issues of material fact regarding Defendants' failure to pay, Plaintiff now seeks immediate judgment against Defendants holding them jointly and severally liable for the full amount of principal, interest, costs and expenses, including reasonable attorneys' fees, owed to Plaintiff.[1]

First, it is undisputed that, on or about May 13, 2013, Plaintiff provided financing in the amount of $25,000,000.00 to TGS to enable it to launch its business of using engines and other related equipment in oil field production (the "Loan"), which was evidenced by a Senior Secured Promissory Note (the "Note"). Moreno, as the principal and authorized officer of TGS, executed the Note on behalf of TGS. Under the Note, TGS was to repay the Loan by September 13, 2013 (the "Maturity Date"), but Plaintiff agreed to extend the Maturity Date three times, which was reflected in written amendments to the Note. Ultimately, the Maturity Date was extended to

---

[1] Plaintiff's motion is made with full reservation of rights to subsequently seek relief on the remaining causes of action in the Complaint.

December 29, 2013, and as of that date, TGS failed to repay **any** portion of the Loan despite due demand.  As such, TGS is currently in default under the terms of Note.  Thus, Plaintiff is entitled to judgment against TGS for the amounts due and owing under the Note and summary judgment should be entered in favor Plaintiff on its First Cause of Action.

Second, it is also undisputed that, on or about May 13, 2013, to further secure the Loan, Moreno executed a Guarantee Agreement ("Guarantee") in favor of Plaintiff, wherein he agreed to personally guarantee, in relevant part, the full and punctual payment owed by TGS to Plaintiff under the Note in the event that TGS defaulted on the terms of the Note.  Despite due demand for Moreno to pay the amount owed by TGS under the Note following TGS's default, Moreno failed to repay any portion of the Loan and is currently in default under the terms of the Guarantee.  Thus, Plaintiff is also entitled to judgment against Moreno for the amounts due and owing under the Guarantee and summary judgment should be entered in favor Plaintiff on its Second Cause of Action.

Accordingly, Plaintiff respectfully requests that the instant motion be granted and summary judgment be entered in favor of GEOG on its First and Second Causes of Action and against Defendants, jointly and severally, in the principal amount of $25,000,000, plus all standard and default interest, costs and attorneys' fees recoverable under the Note and Guarantee, in an amount to be determined by the Court, and such other and further relief as the Court deems just, proper, and equitable.

## STATEMENT OF FACTS

The facts relevant for determination of this motion are limited, straightforward, undisputed and detailed in the accompany Affirmation of Edoardo Padeletti, dated August 11, 2015, and Rule 19-A Statement of Material Facts, which are incorporated by reference herein as if fully set forth herein.

## SUMMARY JUDGMENT LEGAL STANDARD

The standard governing a motion for summary judgment is well-settled in New York. Summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b); see also Santoni v. Bertelsmann Prop., Inc., 21 A.D.3d 712, 713, 800 N.Y.S.2d 676, 678 (1st Dep't 2005); Menekou v. Crean, 222 A.D.2d 418, 419–20, 634 N.Y.S.2d 532 (2d Dep't 1995). If the moving party puts forth sufficient admissible evidence showing the absence of any issues of material fact, the burden then shifts to the non-moving party to prove "the existence of a bona fide issue raised by evidentiary facts." Santoni, 21 A.D.3d at 714. "Reliance upon mere conclusions, expressions of hope, or unsubstantiated allegations is insufficient." Id.; see also Zvinys v. Richfield Inv. Co., 25 A.D.3d 358, 359, 808 N.Y.S.2d 640, 642 (1st Dep't 2006) ("The affidavit of plaintiff's expert was speculative and conclusory, and thus insufficient to raise an issue of fact"); Seaboard Sur. Co. v. Nigro Bros., 222 A.D.2d 574, 575, 635 N.Y.S.2d 296, 297 (2d Dep't 1995) ("The 'shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough to defeat a motion for summary judgment.'") (citation omitted).

Summary judgment "is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law." Andre v. Pomeroy, 35 N.Y.2d 361, 364, 320 N.E.2d 853, 854 (1974). When there are no genuine issues to be resolved at trial, "the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated." Id.

As set forth below, Plaintiff has demonstrated that Defendants have defaulted under the Note and Guarantee by failing to pay any of the amounts owed thereunder, there are no genuine

issues of material fact, and, therefore, summary judgment should be granted in favor of Plaintiff on its straight-forward breach of contract claims.

## ARGUMENT

## POINT I

### SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST TGS ON THE FIRST CAUSE OF ACTION

Plaintiff's First Cause of Action seeks to recover against TGS for its breach of the Note by failing to pay the amounts owed thereunder.

Under New York law,[2] in order to recover for breach of contract, the plaintiff must establish that: (1) the plaintiff and the defendant made a valid contract; (2) the contract was breached by the defendant; (3) the plaintiff performed; and (4) the plaintiff suffered damage as a consequence. See Noise in the Attic Productions, Inc. v. London Records, 10 A.D.3d 303, 307, 782 N.Y.S.2d 1, 10 (1st Dep't 2004); see also Alpha Auto Brokers, Ltd. v. Cont'l Ins. Co., 286 A.D.2d 309, 728 N.Y.S.2d 769, 770 (2d Dep't 2001); Furia v. Furia, 116 A.D.2d 694, 695, 498 N.Y.S.2d 12, 13 (2d Dep't 1986). As relevant here, a party breaches its contractual obligations if it fails to make payment in accordance with the terms of the contract. Republic Nat'l Bank of N.Y. v. Olshin Woolen Co., 304 A.D.2d 401, 402, 758 N.Y.S.2d 45, 46 (1st Dep't 2003). If the failure is not disputed or excused, the aggrieved party is entitled to summary judgment on its breach of contract claim. Titan Corp. v. Cellular Vision Tech. & Telecoms., L.P., 271 A.D.2d 437, 706 N.Y.S.2d 125, 126 (2d Dep't 2000); see also Marinelli v. Shifrin, 260 A.D.2d 227, 229, 688 N.Y.S.2d 72, 74 (1st Dep't 1999) (affirming summary judgment in favor of plaintiff where defendant failed to tender payment and finding "the mere assertion of a counterclaim

---

[2]   Section 12 of the Note and Section 15 of the Guarantee provide that the instant motion shall be governed by New York law. See Padeletti Aff., Ex. A at § 12, Ex. E at § 15(a).

unsupported by proof of its merit will not defeat summary judgment on an otherwise meritorious claim") (internal citations omitted); Bank of N.Y. v. Vega Tech. USA, LLC, 18 A.D.3d 678, 679, 794 N.Y.S.2d 922, 923 (2d Dep't 2005) (holding that plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating the existence of an enforceable promissory note executed by defendant, the unconditional terms of repayment, and defendant's default thereunder); Anderson v. Learning Annex Found., Inc., 19 A.D.3d 339, 340, 795 N.Y.S.2d 911, 912 (2d Dep't 2005) (plaintiff was entitled to summary judgment by presenting undisputed evidence that it fully performed its obligations as set forth in the parties' written agreement, and defendant failed to pay him in full for his services).

In fact, New York courts have consistently held that proof of the existence of a promissory note and non-payment thereunder entitles the plaintiff to summary judgment. See White Rose Food, et al. v. Saleh, 99 N.Y.2d 589, 592, 788 N.E.2d 602, 603, 758 N.Y.S.2d 253, 254 (2003) (affirming summary judgment in lieu of complaint in favor of holder of Promissory Note, finding that holder made *prima facie* showing of obligation and default); Gateway State Bank v. Shangri-La Private Club for Women, Inc., 67 N.Y.2d 627, 490 N.E.2d 546, 499 N.Y.S.2d 679 (1986) (affirming summary judgment in lieu of complaint where the plaintiff established proof of a promissory note and defendant's failure to make payments thereon); Solomon v. Langer, 66 A.D.3d 508, 885 N.Y.S.2d 904, 905 (1st Dep't 2009) (the plaintiff established her entitlement to summary judgment in lieu of complaint on the Promissory Note made by the defendant by establishing execution, delivery, demand and failure to pay). Accord CPLR § 3213 (authorizing the commencement of and summary judgment on an action "based upon a judgment or instrument for the payment of money only").

Here, Plaintiff is entitled to summary judgment against TGS on the Note as a matter of law because: (1) TGS executed the Note requiring it to tender payment of the principal amount plus applicable interest on or before December 29, 2013; and (2) TGS defaulted under the terms of the Note by failing to tender any portion of the Loan, including the principal amount and interest, prior to the Maturity Date. See Padeletti Aff. ¶¶ 7-13, 16-30, Exs. A, B, C, D and F. In fact, Section 6(a)(i) of the Note provides that "the failure of [TGS] to pay when due and payable (whether at maturity or otherwise) the full amount of any principal payment, interest payment or other amount due on [the] Note" constitutes an "Event of Default," which entitles Plaintiff, pursuant to Section 6(b), to, among other things, "declare all or any portion of the unpaid Obligations to be immediately due and payable. Id., Ex. A at §§ 6(a)(i) and 6(b). Because of TGS's failure to repay any portion of the Note, an Event of Default occurred. See id., ¶¶ 7-13, 16-30.

In accordance with its rights under the Note, on December 30, 2013 – one day after the Maturity Date – Plaintiff sent a letter to TGS notifying it of its default under the Note for failure to pay any of the amounts owed. See id., Ex. F. Despite the December 30, 2013 notice, TGS has continued to remain in default, and TGS is left with no choice but to seek a judgment to collect the monies owed under the Note. See id., ¶¶ 7-13, 16-30.

Furthermore, there is no dispute that Plaintiffs have fully performed their obligations under the Note and the related loan documents. See Padeletti Aff., ¶ 24. Plaintiff is also not aware of any valid or meritorious defense to the enforceability of the Note. See id., ¶ 25. Indeed, it is evident that TGS's obligations under the Note were absolute and unconditional, and any potential defense to the validity of the Note – or TGS's obligations thereunder – is precluded by the language of the Note itself where TGS agreed that the "Note constitutes … a legal, valid

and binding obligation of each Loan Party [*i.e.*, GEOG, TGS and Moreno] …, enforceable against each Loan Party….". Id., Ex. A at Schedule 3, item (d).  Moreover, the Note contains both a no oral modification clause and no waiver clause providing that the provisions of the Note "may not be amended, waived or modified except pursuant to an agreement in writing entered into by the parties hereto," Id., Ex. A at § 7(a), and that "[n]o course of dealing between Borrower and the holder of this Note or their agents or employees shall be effective to amend, modify or discharge any provision of this Note or to constitute a waiver of any Event of Default." Id., Ex. A at § 17.

Accordingly, summary judgment should be entered in favor of Plaintiff and against TGS for breach of the Note.

## POINT II

### SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF PLAINTIFF AGAINST MORENO ON THE SECOND CAUSE OF ACTION

Plaintiff's Second Cause of Action seeks to recover against Moreno for his breach of the Guarantee for failure to pay the amounts owed by TGS under the Note.

Under New York law, summary judgment on a guaranty enforcement claim is warranted as a matter of law where the plaintiff shows that:  (1) it made a loan to a borrower; (2) a guarantor executed a personal guaranty of repayment of the loan in the event of the borrower's default; (3) the borrower defaulted on the loan; and (4) the guarantor failed to pay under the guaranty.  See Hotel 71 Mezz Lender LLC v. Mitchell, 63 A.D.3d 447, 448, 880 N.Y.S.2d 67, 68 (1st Dep't 2009) (affirming lender's judgment against guarantor, because "[lender] met its burden of establishing prima facie that it made a loan to [borrower], that [guarantor] executed a personal guaranty of repayment of the loan in the event of [borrower's] default, and that [borrower] defaulted on the loan").

As with a promissory note, it is evident that a creditor is entitled to summary where a party has defaulted under a guarantee obligation for failure to pay.  See Dell'Anno v. Molinari, No. 111324/2006, 2008 WL 961156, at *3 (Sup. Ct., N.Y. Co. Apr. 8, 2008) ("Submission of an unconditional guaranty along with an affidavit of nonpayment is sufficient for a judgment under CPLR 3212.") (citing European American Bank & Trust Co. v. Schirripa, 108 A.D.2d 684, 485 N.Y.S.2d 763 (1st Dep't 1985).  Accord CPLR § 3213 (authorizing summary judgment in lieu of complaint for nonpayment of "instrument for the payment of money only").  Indeed, it is black-letter law that an absolute unconditional guaranty qualifies as "an instrument for the payment of money only" and courts can order summary judgment, even if the guaranty does not recite a sum certain.  European Am. Bank v. Lofrese, 182 A.D.2d 67, 71, 586 N.Y.S.2d 816 (2d Dep't 1992).  As the Bank of America, N.A. v. Solow Court explained, to make out a *prima facie* case based upon an absolute guarantee, a plaintiff need only "establish[] the existence of the guaranty and submit[] an affidavit of non-payment."  59 A.D.3d 304, 304, 874 N.Y.S.2d 48, 48-49 (1st Dep't 2009).  A guarantor's liability to a creditor based upon an absolute and unconditional obligation is therefore straightforward and inescapable.

Here, Moreno's Guarantee details his personal and unconditional obligation to satisfy TGS's obligations under the Note, including making timely payment of the amounts owed to GEOG, specifying that "[Moreno], as a primary obligor and not merely as a surety, **unconditionally and irrevocably**, guarantees to the [GEOG] … the full and punctual payment and performance when due (whether at stated maturity, upon acceleration or otherwise) of the Obligations, including, without limitation, (i) the principal of and interest on the advance made to [TGS] pursuant to the Loan Agreement [which includes the Note] and (ii) all other amounts … payable by [TGS] under the Loan Agreement and the other Loan Documents …."  See Padeletti

Aff., Ex. E at § 2 (emphasis supplied). As set forth in the Padeletti Aff., and the exhibits annexed thereto, Moreno has failed to make any principal or interest payments due under the Guarantee even after being given written notice of his obligation to do so. See id., ¶¶ 7-30 and Exs. E and F.

Furthermore, Plaintiff is not aware of any valid or meritorious defense to the enforceability of the Guarantee. See Padeletti Aff., ¶ 25. Indeed, as noted, Moreno's obligation to pay the amount under the Note in the event of TGS's default was absolute and unconditional. For example, Section 2 provides that Moreno "hereby agrees that this Guarantee is an **absolute, irrevocable, and unconditional** Guarantee of payment and is not a Guarantee of collection." Id., Ex. E at § 2 (emphasis supplied). Section 3 of the Guarantee further provides that Moreno's payment obligations "shall be **unconditional, continuing, joint and several and absolute** and … shall not be released, discharged or otherwise affected by" a comprehensive list of events, including the "enforceability or validity of the Guaranteed Obligations or any part thereof…." Id., Ex. E at § 3 (emphasis supplied). Moreno's payment obligations under the Guarantee also "shall remain in full force and effect until all Guaranteed Obligations shall have been indefeasibly paid in full in cash…." Id., Ex. E at § 4. See also id., Ex. E at § 5(b) (waiving additional defenses, set-offs, and counterclaims). Finally, like the Note, the Guarantee also contains a "no oral modification" provision and Plaintiff is not aware of any amendments or modifications to Moreno's obligations under the Guarantee. See id., ¶ 29, Ex. E at § 14.

Accordingly, summary judgment should be entered in favor of Plaintiff and against Moreno for breach of the Guarantee.

## POINT III

## PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES, COSTS AND EXPENSES

Pursuant to the Note, Defendants are obligated to reimburse Plaintiff for "all reasonable out-of-pocket costs and expenses including reasonable attorneys' fees and disbursements" incurred by Plaintiff in enforcing its rights under the Note and Guarantee. See Padeletti Aff., Ex. A at § 14. Consequently, Defendants are liable to Plaintiff for its attorneys' fees, costs, and expenses. See Int'l Bus, Mach. Corp. v. Murphy & O'Connell, 183 A.D.2d 681, 586 N.Y.S.2d 488 (1st Dep't 1992) (the plaintiff is entitled to reasonable attorneys' fees based upon provision in agreement specifically providing for the defendant's payment of plaintiff's costs and expenses, including legal and collection fees); Chase Manhattan Bank, N.A. v. Marcovitz, 56 A.D.2d 763, 392 N.Y.S.2d 435 (1st Dep't 1977) (on the plaintiff's motion for summary judgment in lieu of complaint, the defendants were required to pay the plaintiff's attorneys' fees where the defendants, as part of a guaranty, agreed to pay "any and all legal and other expenses").

Under CPLR 3212(e), Plaintiff is entitled to have the determination of its claims for costs and expenses, including reasonable attorneys' fees, severed from the other relief sought herein and set down for an inquest so that judgment may be entered immediately upon the determination of the instant motion. See Orix Credit Alliance, Inc. v. N.Y. Bell Bagel, Inc., 222 A.D.2d 566, 635 N.Y.S.2d 303 (2d Dep't 1995) (the plaintiff's motion for summary judgment granted, and plaintiff's remaining claims for late charges and reasonable attorneys' fees is severed and remitted to the Supreme Court for determination); Diversified Investors Corp. v. Diversifax, Inc., 239 A.D.2d 231, 657 N.Y.S.2d 642 (1st Dep't 1997) (creditor's motion for summary judgment in lieu of complaint granted; claim for recovery of attorneys' fees and costs severed and remanded for assessment in further proceedings).

Accordingly, Plaintiff should be awarded the recovery of its reasonable costs and expenses, including reasonable attorneys' fees and disbursements, in an amount to be determined at a subsequent inquest.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted and the Court should enter an Order, pursuant to CPLR § 3212, awarding summary judgment in favor of GEOG on its First and Second Causes of Action and against Defendants, jointly and severally, in the principal amount of $25,000,000, plus all standard and default interest, costs and attorneys' fees recoverable under the Note and Guarantee, in an amount to be determined by the Court, and such other and further relief as the Court deems just, proper, and equitable.

Dated: New York, New York
       August 13, 2015

**REED SMITH LLP**

By: *s/ Casey D. Laffey*
    Casey D. Laffey
    Geoffrey G. Young
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450

John F. Hagan, Jr.
(*pro hac vice application forthcoming*)
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Tel: (312) 207-1000
Fax: (312) 207-6400

*Attorneys for Plaintiff*
*GE Oil & Gas, Inc.*