Sweeny, J.P., Renwick, Manzanet-Daniels, Webber, JJ.

1545-
1545A     GE Oil & Gas, Inc.,
        Plaintiff-Respondent,

Index 652296/15

-against-

Turbine Generation Services, L.L.C. et al.,
        Defendants-Appellants.

_____

Mintz & Gold LLP, New York (Elliot G. Sagor of counsel), for appellants.

Reed Smith LLP, New York (Casey Laffey of counsel), for respondent.

_____

       Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 21, 2015, to the extent they denied defendants' motion to dismiss the complaint pursuant to CPLR 327(a) and CPLR 3211(a)(4), or, alternatively, to stay the action pursuant to CPLR 2201 in favor of a first-filed action in Louisiana, unanimously affirmed, with costs.

       Defendants failed to establish that enforcing the forum designation in the loan documents, i.e., New York, would be unreasonable and unjust or that the forum-selection clause is invalid because of fraud or overreaching (see *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234 [1st Dept 1991]).

64

Nor did defendants demonstrate that New York is an inconvenient forum (see *Sterling Natl. Bank v Eastern Shipping Worldwide, Inc.*, 35 AD3d 222 [1st Dept 2006]). Indeed, New York is an appropriate and convenient forum for the determination of this dispute as a matter of law, because the loan agreement, of which the aggregate value is more than $1 million, contains a provision whereby defendants agreed that New York law would govern their rights and duties under the agreement and agreed to submit to the jurisdiction of the New York courts (General Obligations Law § 5-1402; see *Sebastian Holdings, Inc. v Deutsche Bank AG*, 78 AD3d 446 [1st Dept 2010]). In any event, the relevant factors favor New York over Louisiana (see *Sebastian Holdings*, 78 AD3d at 447). New York courts "routinely adjudicate commercial disputes of this nature" (*Hudson Ins. Co. v Oppenheim*, 35 AD3d 168, 169 [1st Dept 2006]), and the alleged joint venture was negotiated at plaintiff's offices in New York (see *Terrones v Morera*, 295 AD2d 254 [1st Dept 2002]).

With respect to CPLR 3211(a)(4), as the service of process in the New York action preceded the service of process in the Louisiana action, the New York court was the first to take jurisdiction over this matter (see *Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 95 [1st Dept 2013]). While the

65

application of the first-in-time rule is discretionary and not controlling, especially where, as here, the competing actions were commenced within a short time (see *White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 99 [1st Dept 1997]), there is another factor that weighs heavily in favor of maintaining jurisdiction in New York:  the New York action is based solely on the loan documents, while the pending Louisiana action includes claims related to the purported joint venture (see *id.* at 94). Thus, the court also providently exercised its discretion in declining to stay the action pursuant to CPLR 2201 (see *952 Assoc., LLC v Palmer*, 52 AD3d 236, 236-237 [1st Dept 2008]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED:   JUNE 23, 2016

_____
CLERK